**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KIRBY ASHLEY and | ) |
| PEOPLE OF THE STATE OF ILLINOIS | ) |
| EX REL. KIRBY ASHLEY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PARTNERS FOR PAYMENT RELIEF, DE II, | ) |
| LLC; DANIEL O. BARHAM, and | ) |
| BARHAM LEGAL, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs Kirby Ashley and People of the State of Illinois ex rel. Kirby Ashley

bring this action to secure redress from unlawful collection practices engaged in by defendants

Partners for Payment Relief, DE II, LLC ("PPR"), Daniel O. Barham ("Barham"), and Barham

Legal, LLC ("Barham Legal").

**VENUE AND JURISDICTION**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C.

§§1331, 1337 and 1367.

3.      Venue and personal jurisdiction in this District are proper because the conduct

complained of occurred within this District.

**PARTIES**

4.      Plaintiff Kirby Ashley is an individual who resides in Cook County, Illinois.

5.      Defendant Partners for Payment Relief, DE II, LLC ("PPR"), is a limited liability

company chartered under Delaware law. Its registered agent and office is ATA Corporate

Services, LLC, 1201 N. Market Street, Suite 2300, Wilmington, DE 19801.

6.      Defendant PPR is one of four similarly-named entities which are engaged in the

1

same business activities:

     a.     PARTNERS FOR PAYMENT RELIEF DE II, LLC;

     b.     PARTNERS FOR PAYMENT RELIEF DE III, LLC;

     c.     PARTNERS FOR PAYMENT RELIEF DE IV, LLC;

     d.     PARTNERS FOR PAYMENT RELIEF DE, LLC.

7.     On information and belief, all of these entities have offices at 3748 W. Chester Pike, Suite 103, Newtown Square, PA 19073.

8.     The asset manager of these entities, Matthew Kadash, states on a Linkedin page that "Partners for Payment Relief, LLC (PPR) was established in October 2007 for the purpose of acquiring second lien residential mortgage notes at a discounted purchase price." (https://www.linkedin.com/in/matthew-kadash-96901419)

9.     On information and belief, the business of all of the Partners for Payment Relief entities consists of acquiring defaulted mortgage loans at a discounted price and collecting them. They do not trade in non-delinquent loans.

10.     The Partners for Payment Relief entities invite "investors" to invest in such loans. They seek out such investors through the Internet, "workshops," and real estate conferences. (www.pprnoteacademy.com and www.pprnoteco.com)

11.     PPR regularly collects allegedly defaulted consumer debts originally and currently owed to others.

12.     PPR uses the mails and telephone system in conducting its business.

13.     PPR is a debt collector as defined in the FDCPA.

14.     PPR is  a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.  ("ICAA").

15.     At no time have PPR or any of the Partners for Payment Relief entities held a collection agency license from the State of Illinois.   (Appendix A)

16.     At no time have any of the Partners for Payment Relief entities held a license

2

under the Illinois Residential Mortgage License Act.  (Appendix B)

17.     Defendant Daniel  O. Barham is an attorney with offices at 2644 Kull Road, Lancaster, Ohio 43130.

18.     Barham practices through defendant Barham Legal LLC, an Ohio limited liability company located at 2644 Kull Road, Lancaster, Ohio 43130.  Barham is on information and belief the sole member of Barham Legal and is entirely responsible for its policies, practices and actions.

19.      Defendants Daniel  O. Barham and Barham Legal regularly collect allegedly defaulted consumer debts originally owed to others.

20.     In particular, they collect consumer-purpose mortgage debts for the PPR entities and a number of other entities.

21.     A list of cases filed by Barham in Cook County is attached as Appendix C.  Other cases are filed elsewhere in Illinois, as shown by Appendix D (downstate counties), Appendix E (Will County), Appendix F (DuPage County), Appendix G (McHenry County) and Appendix H (Lake County).

22.     Defendants Daniel  O. Barham and Barham Legal  use the mails and telephone system in conducting their business.

23.     Defendants Daniel  O. Barham and Barham Legal are debt collectors as defined in the FDCPA.

### FACTS

24.     This action concerns attempts by defendants to collect from plaintiff a consumer debt, consisting of an allegedly defaulted mortgage loan.  The note and mortgage were obtained for consumer purposes (housing).

25.     Plaintiff encountered financial distress and was unable to pay the loan.

26.     Partners for Payment Relief DE II, LLC claims to have acquired the loan in 2014.  Plaintiff does not know if it in fact has good title to the loan.

3

27.    On January 12, 2016, Partners for Payment Relief DE II, LLC, represented by Barham and Barham Legal, filed suit against plaintiff to foreclose the mortgage loan in Cook County Circuit Court, alleging that the loan has been in default since 2009.  (Appendix I)

28.    The complaint was served in February 2016.

29.    Thereafter, plaintiff received telephone calls from or on behalf of defendants seeking payment.

30.    Because Partners for Payment Relief DE II, LLC was not licensed as a collection agency in Illinois, and is not within any exemption, it had no right to take any legal or collection action against plaintiff.

31.    Defendants failed to disclose the material fact that their collection activities were unauthorized and contrary to law.

32.    The conduct of Daniel  O. Barham, Barham Legal,  and PPR, in attempting foreclosure on plaintiff's home and otherwise attempting to collect from plaintiff is deceptive and unlawful.

33.    Plaintiff has been injured by defendants' improper conduct, in that:

a.    His credit has been injured;

b.    He has suffered  aggravation and distress;

c.    He has been forced to spend time and money dealing with defendants' wrongful conduct, including filing an appearance in the foreclosure and paying a fee.

## COUNT I  – ILLINOIS COLLECTION AGENCY ACT

34.    Plaintiff People of the State of Illinois ex rel. Kirby Ashley incorporates paragraphs 1-33.

35.    This claim is against PPR.

36.    The ICAA creates a licensing regime.  Section 4 of the ICAA, 225 ILCS 425/4, provides:

4

**Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

37.     The licensing requirements of the ICAA were imposed to protect the public.  The

public policy represented by the ICAA is stated in §1a, 225 ILCS 425/1a:

**Declaration of public policy**

**Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.**

**It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

38.     Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it unlawful to

engage in the business of a collection agency without a license.

39.     Section 14a, 225 ILCS 425/14a, provides:

**Sec. 14a. The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established**

5

**that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

40.     The activities of PPR amount to an "exercise [of] the right to collect . . . ."

41.     PPR is engaged "in the business of collecting."

42.     Plaintiff is entitled to relief against PPR under 225 ILCS 425/14a.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant PPR for:

      a.      Injunctive relief;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems proper.

### COUNT II – FDCPA – CLASS CLAIM

43.     Plaintiff Kirby Ashley incorporates paragraphs 1-33.

44.     This claim is against all defendants.

45.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

46.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

47.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt

6

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

48.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

49.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

50.     Defendants, by representing that  PPR  was  entitled to enforce a note and mortgage against plaintiff, and collect money from plaintiff, when this was not true, violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10).

51.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)        The false representation of--**

**(A)        the character, amount, or legal status of any debt; or**

**(B)        any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**(4)        The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**

**(5)        The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10)        The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of two classes, A and B, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

53.     Class A  consists of (a) all individuals with Illinois addresses (b) from whom defendant  PPR attempted to collect money (c) on a loan secured by property in which the consumer resided at the time of the loan (d) where any collection activity occurred on or after a date one year prior to the filing of this action.

54.     Class B  consists of (a) all individuals with Illinois addresses (b) from whom defendants Daniel O. Barham or Barham Legal attempted to collect money (c) on behalf of defendant  PPR or any other entity whose principal business is the acquisition of delinquent residential mortgage loans but which did not have a collection agency license (d) where any collection activity occurred on or after a date one year prior to the filing of this action.

55.     On information and belief, each class is so numerous that joinder of all members is not practicable.

56.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

        a.      Whether  PPR operated as an unlicensed collection agency.

        b.      Whether attempted collection of debts by or on behalf of an entity which commits a crime by engaging in such activity involves false representations or illegal threats, and violates the FDCPA.

57.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

58.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

59.     A class action is superior  for the fair and efficient adjudication of this

matter. Individual actions are not economically feasible.  Members of the class are likely to be unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      a.       Statutory damages;

      b.       Actual damages;

      c.       Attorney's fees, litigation expenses and costs of suit;

      d.       Such other or further relief as the Court deems proper.

## COUNT III – CONSUMER FRAUD ACT  – CLASS CLAIM

60.       Plaintiff Kirby Ashley  incorporates paragraphs 1-33.

61.       This claim is against PPR.

62.       Defendant, in the course of trade and commerce, engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by directly and indirectly demanding and collecting money to which it had no legal right, by means described throughout this complaint.

63.       PPR violated the public policy of Illinois, by engaging in the business of an unlicensed collection agency.

64.       PPR inflicted substantial injury on consumers, by taking their money and homes, and threatening them with loss of money and homes.

65.       The conduct of PPR was unethical and unscrupulous, and indeed criminal.

## CLASS ALLEGATIONS

66.       Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

67.       The class consists of (a) all individuals with Illinois addresses (b) from whom PPR sought to collect money, (c) on or after a date 3 years prior to the filing of this action.

68.       On information and belief, the class is so numerous that joinder of all members is not practicable.

9

69.     There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common question is whether PPR, by conducting an unlicensed and illegal collection agency business, violated the ICFA.

70.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

71.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

72.     A class action is superior for the fair and efficient adjudication of this matter. Individual actions are not economically feasible. Members of the class are likely to be unaware of their rights. There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

a.      Compensatory and punitive damages;

b.      An injunction against further collection activity;

c.      Attorney's fees, litigation expenses and costs of suit; and

d.      Such other or further relief as the Court deems proper.




                                        s/Daniel A. Edelman
                                        Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

T:\33566\Pleading\Complaint_Pleading.WPD

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman